## IN THE UNITED STATES 1DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| CADMAN ATTA MILLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 20-cv-00279-LKG |
| v. ) | |
| ) | Dated:  April 7, 2022 |
| JPMORGAN CHASE BANK ) | |
| NATIONAL ASSOCIATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

### I.      INTRODUCTION

Plaintiff *pro se*, Cadman Atta Mills, commenced the above-captioned matter in the Circuit Court for Montgomery County, Maryland on December 30, 2019, and the case was subsequently removed to this Court on January 31, 2020.  *See* Compl., ECF No. 7; *see* Not. of Removal, ECF No. 1.  Plaintiff asserts common law fraud, Maryland Consumer Protection Act, Md. Code Ann., Com. Law §§ 13-101 to -501 ("MCPA"), Maryland Mortgage Fraud Protection Act, Md. Code Ann., Real Prop. §§ 7-401 to -409 ("MMFPA"), and Fair Credit Reporting Act, 15 U.S.C. §§ 1681 to 1681x ("FCRA") claims against defendant, JP Morgan Chase Bank National Association ("Chase"), arising out of a mortgage loan modification ("Loan Modification") executed in 2010.  *See id.* at ¶¶ 61-97.  In addition, plaintiff seeks a declaratory judgment that the Loan Modification is unenforceable and void, and an accounting of certain funds owed to Chase.  *See id.* at ¶¶ 51-60.

On February 3, 2021, plaintiff filed a motion for summary judgment on his claims, pursuant to Fed. R. Civ. P. 56.  Pl. Mot., ECF No. 42.  On April 12, 2021, Chase filed a response in opposition to plaintiff's motion and a cross-motion for summary judgment on plaintiff's claims, pursuant to Fed. R. Civ. P. 56.  Def. Mot., ECF No. 54.  On April 29, 2021, plaintiff filed a response in opposition to Chase's cross-motion for summary judgment and a reply in support

of his motion for summary judgment.  Pl. Resp., ECF No. 57.  On May 21, 2021, Chase filed a reply in support of its cross-motion for summary judgment.  Def. Reply, ECF No. 58.

During the status conference held in this matter on April 7, 2022, the Court issued an oral ruling on the parties' cross-motions for summary judgment.  For the reasons discussed during the April 7, 2022, status conference, and set forth below, the Court (1) **DENIES** plaintiff's motion for summary judgment; (2) **GRANTS-in-PART** Chase's cross-motion for summary judgment; and (3) **DISMISSES** the complaint.

## II.      FACTUAL BACKGROUND

On November 29, 2005, plaintiff entered into a 30-year adjustable rate mortgage with Chase's predecessor-in-interest, Washington Mutual Bank, FA (the "Loan").  Compl. at ¶ 6.  On September  25, 2008, Chase acquired the Loan.  *Id.* at ¶ 11.

It is undisputed that in May 2010, Chase modified plaintiff's Loan (the "Loan Modification").  *Id.* at ¶ 17.  It is also undisputed that the Loan Modification extends the term of plaintiff's original Loan by 12 years and changes the interest rate on the Loan from a variable rate to a fixed rate.  *Id.* at ¶¶ 18-19.

Chase's records reflect—and plaintiff does not dispute—that plaintiff received monthly statements for the Loan Modification beginning in July 2010.  *See* Def. Mot. Ex. D, Decl. of Dorothy A. Washington ("Washington Decl.") at ¶ 20; *see also* Washington Decl. Ex. 13.  Chase's records also reflect that Chase mailed a copy of the executed Loan Modification agreement to plaintiff on or about June 7, 2010, which purportedly bears plaintiff's signature.  *See* Washington Decl. Ex. 11.

Plaintiff alleges that, in February 2019, he first discovered that Chase was reporting the Loan as modified.  Compl. at ¶ 15.  It is undisputed that, after plaintiff contacted Chase about the Loan Modification, Chase mailed a copy of the May 31, 2010, Loan Modification agreement to plaintiff.  *Id.* at ¶ 17.

In March 2019, plaintiff ceased making payments on the Loan Modification.  *Id.* at ¶ 33.  After plaintiff ceased making these payments, Chase initiated state foreclosure proceedings which remain pending.  *See* Def. Mot. at 1.

III.     LEGAL STANDARDS

A.       Fed. R. Civ. P. 56

Under Fed. R. Civ. P. 56, the Court may grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.  A dispute is "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party.  *Id.*  When considering cross-motions for summary judgment, the Court views "each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law." *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (citation omitted).

B.       Statute Of Limitations

Under Maryland law, "a civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced." Md. Code Ann., Cts. & Jud. Proc. 5-101.  This three-year statute of limitations applies to common law fraud claims, claims pursuant to the MCPA and claims pursuant to the MMFPA.  *See, e.g.*, *James v. Weisheit*, 367 A.2d 482, 485 (Md. 1977) (applying three-year statute of limitation to fraud claim); *Master Fin., Inc. v. Crowder*, 972 A.2d 864, 872 (Md. 2009) (applying three-year statute of limitation to claim under MCPA); *Story v. Columbia Home Loans, LLC*, 11-3214, 2012 WL 1957978, at *6 (D. Md. May 23, 2012) (applying three-year statute of limitation to claim under MMFPA).

Maryland courts also apply the "discovery rule" to determine when a cause of action accrues.  The discovery rule provides that a "cause of action accrues when the claimant in fact knew or reasonably should have known of the wrong" that forms the basis for the claim. *Poffenberger v. Risser*, 431 A.2d 677, 680 (Md. 1981).  Maryland courts have explained that a party must have "actual" notice of a claim for the statute of limitations period to begin to run. *Windesheim v. Larocca*, 116 A.3d 954, 962 (Md. 2015).  In this regard, actual notice is "either express or implied." *Id.*  Specifically relevant to this dispute, implied notice "is notice implied from knowledge of circumstances which ought to have put a person of ordinary prudence on

3

inquiry (thus, charging the individual) with notice of all facts which such an investigation would in all probability have disclosed if it had been properly pursued." *Id.* at 962-63 (citation omitted). And so, a plaintiff who "fail[s] to investigate when the propriety of the investigation is naturally suggested by circumstances known to him . . . will be held guilty of bad faith and must suffer from his neglect." *Poffenberger*, 431 A.2d at 681 (citation omitted).

### C.      FCRA

Lastly, the Fair Credit Reporting Act ("FCRA") provides that any claim must be filed "not later than the earlier of—(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p.

### IV.     LEGAL ANALYSIS

The parties have filed cross-motions for summary judgment on plaintiff's claims in this action on, among other issues, the question of whether plaintiff's fraud, MCPA, MMFPA and FCRA claims are timely and whether plaintiff can pursue his declaratory judgment and accounting claims. *See generally* Pl. Mot.; Def. Mot. The Court must grant Chase's cross-motion for summary judgment on these issues and dismiss plaintiff's claims for three reasons.

First, a careful review of the complaint and the undisputed material facts in this case show that plaintiff's common law fraud, MCPA and MMFPA claims are time-barred under Maryland's three-year statute of limitations and that the tolling of this statute of limitations is not warranted in this case. Second, the undisputed material facts show that plaintiff's FCRA claim is also time-barred, because plaintiff did not bring this claim within five years of the date of the Loan Modification at issue in this case.

In addition, the undisputed material facts show that the Anti-Injunction Act ("AIA"), 28 U.S.C. § 2283, bars plaintiff's claim for a declaratory judgment and that Chase has no duty to provide plaintiff with an accounting. And so, for the reasons set forth below, and stated during the April 7, 2022, status conference, the Court:  (1) **DENIES** plaintiff's motion for summary judgment; (2) **GRANTS-in-PART** Chase's cross-motion for summary judgment, and (3) **DISMISSES** the complaint.

### A.      Plaintiff's Fraud, MCPA, MMFPA And FCRA Claims Are Time-Barred

As an initial matter, the undisputed material facts show that, absent tolling, plaintiff's common law fraud, MCPA and MMFPA claims are time barred by Maryland's three-year statute of limitations.  The complaint makes clear that these claims relate to the Loan Modification executed in May 2010.  *See* Compl. at ¶¶ 17, 61-85; Def. Mem. at 5-6.  Under Maryland law, a three-year statute of limitations applies to these claims.  *See James*, 367 A.2d at 485; *Master Fin.*, 972 A.2d at 872; *Story*, 2012 WL 1957978, at *6.  Given this, plaintiff must have brought these claims by May 2013, to be timely.  *See* Md. Code Ann., Cts. & Jud. Proc. 5-101.  Because there is no dispute that plaintiff did not commence this action until December 2019, these claims are untimely.

Plaintiff's argument that the statute of limitations should be tolled in this case is also unpersuasive.  To support this argument, plaintiff contends that he did not become aware of the Loan Modification until February 2019—nine years after the Loan Modification occurred.  Pl. Mot. at 4.  But, the undisputed material facts show that plaintiff was at least on "inquiry notice" about the Loan Modification in July 2010.  *Windesheim*, 116 A.3d at 962 (inquiry notice is "notice implied from knowledge of circumstances which ought to have put a person of ordinary prudence on inquiry (thus, charging the individual) with notice of all facts which such an investigation would in all probability have disclosed if it had been properly pursued").

Notably, it is undisputed that Chase mailed monthly account statements for the Loan Modification to plaintiff beginning in July 2010.  Washington Decl. at ¶ 20; *see also* Pl. Mot. at 4.  These monthly statements clearly show the interest rate and outstanding balance for the Loan Modification.  *See* Def. Mot. at 6; *see also* Washington Decl. at ¶ 20.  Chase's records, which have been provided to the Court, also reflect that Chase mailed a copy of the executed Loan Modification agreement to plaintiff on or about June 7, 2010, again, more than nine years before plaintiff commenced this action.  *See* Washington Decl. Ex. 11.  Given this, the undisputed material facts show that plaintiff was on inquiry notice of the existence of the Loan Modification beginning in July 2010.

Plaintiff's argument that the statute of limitations should be tolled here, because Chase fraudulently concealed the existence of the Loan Modification is equally unavailing.  As discussed above, plaintiff acknowledges that Chase sent him monthly account statements for the

Loan Modification beginning in July 2010.  *See* Pl. Mot. at 4; *see also* Def. Mot. at 6;
Washington Decl. at ¶ 20.  Given this, plaintiff simply has not shown that Chase concealed the
existence of the Loan Modification.  And so, plaintiff's fraud, MCPA and MMFPA claims are
time-barred and must be DISMISSED.[1]

The undisputed material facts also make clear that plaintiff's FCRA claim is time-barred,
because plaintiff did not bring this claim within five years of the date on which the violation that
is the basis for his FCRA claim occurred.  Plaintiff's FCRA claim relates to the Loan
Modification and this claim also arose in 2010.  *See* Compl. at ¶¶ 86-97.  The FCRA requires
that any claim under this statute must be filed "not later than the earlier of—(1) 2 years after the
date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years
after the date on which the violation that is the basis for such liability occurs."  15 U.S.C. §
1681p (emphasis added).  And so, to be timely, plaintiff's FCRA claim must have been brought
by May 2015.

As discussed above, plaintiff commence this action in December 2019, more than nine
years after the alleged FCRA violation occurred.  *See* Compl.  Given this, plaintiff's FCRA claim
is also time-barred and the Court must DISMISS this claim.

### B.      Plaintiff's Declaratory Judgment And Accounting Claims Must Be Dismissed

As a final matter, the undisputed material facts show that plaintiff cannot pursue his
claim for a declaratory judgment.  In the complaint, plaintiff seeks a declaratory judgment that
the Loan Modification is not enforceable.  *See* Compl. at ¶¶ 58-59.  But, it is undisputed that
state foreclosure proceedings related to the Loan Modification are currently pending in
Maryland.  *See* Def. Reply Ex. 1 at 1 (showing that, as of May 21, 2021, the foreclosure case is
still "open").  Given this, the AIA bars plaintiff's claim for a declaratory judgment, because this
claim seeks to attack the enforceability of the Loan Modification that is at issue in the ongoing
foreclosure proceedings.  *See* Compl. at ¶¶ 58-59; *see also Tucker v. Specialized Loan Servicing,*

---

[1] The discovery rule also cannot toll the statute of limitations for plaintiff's claims, because this rule does
not apply where a plaintiff fails to discover through a "fail[ure] to investigate when the propriety of the
investigation is naturally suggested by circumstances known to him." *Poffenberger*, 431 A.2d at 681
(citation omitted).

*LLC*, 83 F. Supp. 3d 635, 641 (D. Md. 2015) (citation omitted) (it is well-established that "where the [AIA] bars an injunction it also bars the issuance of a declaratory judgment that would have the same effect as an injunction").

Chase also persuasively argues that it has no legal obligation to provide an accounting to plaintiff, because claims for an accounting require some type of a fiduciary duty between the parties to succeed and no such relationship exists between plaintiff and Chase.  *See* Def. Mot. at 24-25; *see also Webber v. Md.*, No. 16-2249, 2017 WL 86015, at \*4 (D. Md. Jan. 10, 2017) (it is well-established that the relationship between a borrower and a lender is not a fiduciary one, but rather is contractual in nature); *Sparrow v. Bank of Am., N.A.*, No. 14-0388, 2014 WL 4388350, at \*11 (D. Md. Sept. 4, 2014).  Given this, the Court also DISMISSES these claims.[2]

## V.   CONCLUSION

And so, for the foregoing reasons, and for the reasons stated during the April 7, 2022, status conference, the Court:

1. **DENIES** plaintiff's motion for summary judgment;
2. **GRANTS-in-PART** Chase's cross-motion for summary judgment; and
3. **DISMISSES** the complaint.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

---

[2] Because the Court concludes that plaintiff's claims are untimely or precluded as a matter of law, the Court does not reach the other issues raised in the parties' cross-motions.